City of St. Louis *v.* Shands.

THE CITY OF ST. LOUIS, Respondent, *vs.* SHANDS, Appellant.

1. Under ordinance No. 3037 of the city of St. Louis, approved July 29, 1853, supplementary to ordinance No. 2952, approved January 7, 1853, flour manufactured in the city was not required to be submitted for inspection before sale.

*Appeal from St. Louis Criminal Court.*

*C. G. Mauro* and *E. W. Shands,* for appellant.
*Joseph Jecko,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The city council of the city of St. Louis passed an ordinance which was approved January 7, 1853, by which the third article of an ordinance, No. 2381, " establishing and regulating the inspection department," was repealed, and the following provisions adopted in lieu thereof :

[No. 2952.]

SEC. 1. It shall be the duty of the inspector of flour to weigh, inspect and determine the quality, according to the grade herein established, of all flour brought to the city of St. Louis, by steamboats, keel boats, flat boats, wagons or otherwise, and which is not to be shipped beyond the limits of the city. He shall brand all barrels and half barrels inspected by him, with the grade to which they belong, and the weight thereof ; to register, in suitable books, all inspections made, with the date and number, and quality of the barrels and half barrels.

SEC. 2. The following grades of flour, offered for sale within the city, are hereby established, and the inspector shall brand each barrel or half barrel, according to the grade to which it belongs : First, flour of the first quality shall be styled " extra superfine ;" second, flour of the second quality shall be styled " fancy or superfine ;" third, flour of the third quality shall be styled " fine ;" fourth, flour of the fourth quality shall be styled " middlings ;" fifth, flour below the fourth quality, shall be styled " ship stuff."

SEC. 3. Every barrel, containing flour offered for sale within the city, shall be made of good, seasoned timber, and shall be hooped with ten round, or six flat hoops, with at least four nails in each chime hoop, and three in each bilge hoop. The staves of a whole barrel shall be twenty-seven inches long, diameter of the head seventeen inches ; the staves of a half barrel shall be twenty-two inches long, and the diameter of the head thirteen inches ; each whole barrel shall contain one hundred and ninety-six pounds of flour, and each half barrel ninety-eight pounds of flour.

SEC. 4. Every manufacturer of flour shall brand or mark one head of each barrel with the name in full of the mill at which it was manufactured, or with the name of the manufacturer, and the tare or weight of the barrel ; and said brand or mark shall be put on with paint, in a durable manner, so as not to be easily defaced ; and any barrel or half barrel made as aforesaid, the dimensions being as aforesaid, and marked or branded as aforesaid, shall be deemed " merchantable."

SEC. 5. The inspector shall not brand any barrel or half barrel not " merchantable" as aforesaid ; provided, however, if the owner or agent shall make such barrel or half barrel " merchantable," then he shall brand the same.

SEC. 6. The inspector, in his inspection, shall use a barrel auger not exceeding seven-eighths of an inch in diameter, with which he may bore into each barrel not more than twice, to satisfy himself of the quality of the flour.

SEC. 7. The inspector shall brand upon the head of each

barrel or half barrel by him inspected, in a legible manner, the quality of the flour, the weight thereof, with "Inspected, St. Louis, Mo."

SEC. 8. Whoever, in this city, shall submit for inspection or sale, or sell or offer for sale, any flour in barrels or half barrels, in which there is a mixture of corn meal or other substance, or shall sell or offer for sale any barrel or half barrel of flour, wherein the quantity of flour is less than hereinbefore required, shall forfeit and pay not less than fifty cents nor more than five dollars for each and every barrel or half barrel presented for inspection, sold or offered for sale.

Approved January 7, 1853.

This ordinance failed to make the selling of flour, without first causing it to be inspected, an offence. To remedy this, a supplementary ordinance (No. 3037) was passed, approved July 29, 1853. The first section of this last ordinance declares, " that whoever, in this city, shall sell or offer for sale any flour, in barrels or half barrels, without the same being first submitted for inspection, as provided in the ordinance of which this is amendatory, shall forfeit and pay to the city fifty cents for each and every barrel and half barrel so sold or offered for sale, on conviction before the recorder."

The first section of ordinance No. 2952 makes it the duty of the inspector of flour to weigh, inspect and determine the quality, according to the grade established by that ordinance, " of all flour brought to the city of St. Louis by steamboats, keel boats, flat boats, wagons or otherwise, and which is not to be shipped beyond the limits of the city."

In this case, the following statement of facts, agreed upon by the parties, was submitted to the court below :

"It is agreed between the parties, plaintiff and defendant, that defendant is a miller, manufacturing flour in St. Louis city ; that defendant sold two barrels of flour manufactured by him in St. Louis city for consumption in said city, without having the same inspected." Upon this state of the facts,

the court found for the plaintiff, and gave judgment accordingly.

1. In the opinion of this court, the facts, as agreed upon, do not warrant the judgment of the court below. There being in the ordinance No. 2952 no requisition on the owners to submit their flour for inspection, no penalty for failing to submit it for inspection, no penalty for selling or offering to sell it, the supplementary ordinance was passed. This requires the flour to be submitted for inspection, as provided in the ordinance No. 2952. Now this supplementary ordinance must be looked to and considered as part of ordinance No. 2952, and then we shall see what flour is to be inspected. "All flour brought to the city by steamboats," &c., which is not to be shipped beyond the limits of the city. The ordinance No. 2952 required duties to be performed by the inspector, but omitted to require duties of the owners, which were necessary to the performance of those on the part of the inspector. Now the question occurs, what flour must the owners submit to inspection? The answer is, such only as is required by ordinance No. 2952. That requires of the inspector that he shall inspect certain flour; that is, flour in barrels or half barrels, *brought to the city* by certain modes. It does not embrace flour manufactured in the city, nor do we think the supplementary ordinance can be properly construed to embrace it. Whoever shall sell any flour, the inspection of which is provided for in ordinance No. 2952, without having it inspected, becomes liable to the penalty. We must, therefore, see what flour was to be inspected under the ordinance No. 2952, before we can inflict the penalty.

There can be no doubt that the agreed statement of facts does not include flour brought to the city; and it is equally as clear, that flour manufactured in the city was not designed to be included in ordinance No. 2952.

The judgment of the court below is erroneous. It should have been for the defendant. It is therefore, with the concurrence of the other judges, reversed.